**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
No. 96-40568

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee-
                    Cross-Appellant,

         VERSUS

     GEORGE E. BRACKETT, SR.,

                    Defendant-Appellant-
                    Cross-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Texas
_____

May 21, 1997

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We now consider the application of the collateral estoppel doctrine to successive criminal prosecutions. George Brackett appeals the denial of his motion to dismiss his indictment, arguing that the Double Jeopardy Clause bars the instant prosecution for conspiracy to possess with intent to distribute marihuana in violation of 21 U.S.C. § 846(a)(1). The government cross-appeals, arguing that the district court erred in suppressing evidence introduced in a previous prosecution for possession with intent to distribute marihuana. We affirm on the appeal, reverse on the

cross-appeal, and remand.

I.

On September 18, 1992, Brackett was stopped at a border patrol checkpoint in Falfurrias, Texas, and consented to a search of his tractor-trailer truck. Border patrol officers discovered 247 kilograms of marihuana in the truck, and Brackett was arrested.

Brackett was indicted on one count of possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1). At trial, he did not contest the fact that he had been in possession when he was arrested; instead, he pleaded ignorance, claiming that he had no knowledge of the marihuana and speculating that the drugs must have been placed in the truck, without his knowledge, while it was unattended. Accordingly, the prosecution and the defense both acknowledged that *mens rea* was the only disputed issue for the jury. Brackett was acquitted.

Subsequently, the government discovered evidence implicating Brackett as a drug courier in a marihuana distribution conspiracy. Consequently, he was indicted on one count of conspiracy to possess with intent to distribute marihuana in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(B). The conspiracy alleged in the indictment occurred from April 1990 to May 1994, including the events charged in the prior possession prosecution. Moreover, three alleged co-conspirators pleaded guilty to charges of possession with intent to distribute, implicating Brackett in the conspiracy and offering testimony about the September 18, 1992,

2

marihuana shipment to substantiate their allegations.

Brackett filed a pretrial motion to dismiss the indictment, claiming that it constituted a successive prosecution barred by the Double Jeopardy Clause, insofar as he had been acquitted previously of the substantive offense of possession with intent to distribute. The district court denied the motion but ordered the suppression of all evidence introduced in the prior possession prosecution, concluding that collateral estoppel barred the government's use of that evidence to prove any fact necessarily decided by the jury in acquitting Brackett of the possession offense.

Brackett appeals the denial of his pretrial motion to dismiss the indictment, which is an appealable order under the collateral order doctrine. *See Abney v. United States*, 431 U.S. 651, 662 (1977). The government appeals the suppression order, which is immediately appealable under 18 U.S.C. § 3731.

II.

The doctrine of collateral estoppel is incorporated into the Double Jeopardy Clause. *Ashe v. Swenson*, 397 U.S. 436, 445 (1970). Collateral estoppel guarantees that "when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuit." *Id*. at 443.

This court has consistently held that collateral estoppel may affect successive criminal prosecutions in one of two ways. First, it will completely bar a subsequent prosecution if one of the facts

3

necessarily determined in the former trial is an essential element of the subsequent prosecution. Second, while the subsequent prosecution may proceed, collateral estoppel will bar the introduction or argumentation of facts necessarily decided in the prior proceeding. *E.g.*, *United States v. Deerman*, 837 F.2d 684, 690 (5th Cir. 1988).[1]

In this appeal, both applications of collateral estoppel are at issue: The district court declined to dismiss the indictment, but suppressed all evidence introduced in the prior possession prosecution. The application of collateral estoppel is a question of law that we review *de novo*. *United States v. Smith*, 82 F.3d 1261, 1265-66 (3d Cir. 1996); *United States v. Rogers*, 960 F.2d 1501, 1507 (10th Cir. 1992).

## A.

It is axiomatic that "[c]ollateral estoppel bars relitigation only of those facts necessarily determined in the first trial." *Deerman*, 837 F.2d at 690. Accordingly, the first step in resolving a claim of collateral estoppel is to determine which facts were "necessarily decided" in the first trial. *United States v. Levy*, 803 F.2d 1390, 1398-99 (5th Cir. 1986); *United States v. Mock*, 604 F.2d 341, 343 (5th Cir. 1979). At this first stage of the inquiry, the defendant bears the burden of demonstrating that the issue he seeks to foreclose was "necessarily decided" in the first

---

[1] *Accord United States v. Kalish*, 780 F.2d 506, 508-09 (5th Cir. 1986); *United States v. Caucci*, 635 F.2d 441, 448 (5th Cir. Unit B Jan. 1981); *United States v. Lee*, 622 F.2d 787, 790 (5th Cir. 1980).

trial.  *Dowling v. United States*, 493 U.S. 342, 350 (1990).[2]

This threshold determination is the touchstone of collateral estoppel doctrine.  "When a 'fact is not necessarily determined in a former trial, the possibility that it may have been does not prevent re-examination of that issue.'"  *Lee*, 622 F.2d at 790 (*quoting Adams v. United States*, 287 F.2d 701 (5th Cir. 1961)).[3] The application of this test to criminal cases is awkward, however, as a general verdict of acquittal does not specify the facts "necessarily decided" by the jury.

Therefore, to determine which facts were "necessarily decided" in the first trial, following an acquittal by a general verdict, we examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, in order to determine "'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'"  *Ashe*, 397 U.S. at 444 (citations omitted); *accord Dowling*, 493 U.S. at 350.

Following this directive, we have taken a functional approach to collateral estoppel in criminal cases, like the instant appeal, in which a defendant was first acquitted by a general verdict and later invoked collateral estoppel to bar a subsequent prosecution. *See*, *e.g.*, *Deerman*, 837 F.2d at 690; *Levy*, 803 F.2d at 1399; *Lee*,

---

[2] *See also Schiro v. Farley*, 510 U.S. 222, 232-36 (1994) (rejecting a claim of collateral estoppel because the petitioner could not prove that the jury had "necessarily determined" the issue he sought to foreclose).

[3] *Accord Deerman*, 837 F.2d at 690; *Levy*, 803 F.2d at 1398; *Kalish*, 780 F.2d at 508.

5

622 F.2d at 790; *Mock*, 604 F.2d at 344. "In making this evaluation, we must examine allegations of the indictment, testimony, court's instructions to the jury, and jury's verdict to consider what makes the jury's verdict coherent. We should make this determination in a realistic, rational, and practical way, keeping in mind all the circumstances." *Deerman*, 837 F.2d at 690 (citations omitted).

It is not difficult to discern the facts "necessarily decided" by the jury in the first trial. Brackett did not deny that he was in possession of 247 kilograms of marihuana when arrested, nor did he contest the physical evidence and eyewitness testimony. To the contrary, he freely conceded all the facts relevant to the *actus reus* and staked his defense exclusively on the question of *mens rea*.

Insisting that he had no knowledge of the marihuana, Brackett characterized himself as an innocent driver who had been used as an unwitting drug courier by drug smugglers, and the jury apparently believed him. Under these circumstances, there is only one rational explanation for the general verdict of acquittal: The government did not prove, beyond a reasonable doubt, that Brackett knew of the 247 kilograms of marihuana in his truck on September 18, 1992. Accordingly, the jury "necessarily decided" only that Brackett did not knowingly possess marihuana with intent to distribute on that date.[4]

---

[4] *Cf. Ashe*, 397 U.S. at 445 (concluding that a general verdict of acquittal "necessarily decided" the question of identity in an armed robbery prosecution,
(continued...)

6

Having determined which facts were "necessarily decided" in the first trial, we must decide whether the government is attempting to relitigate the same facts in the conspiracy trial. *See Levy*, 803 F.2d at 1398-99; *Mock*, 604 F.2d at 343. Therefore, we must divine whether the facts "necessarily decided" in the first trial are essential elements of the conspiracy charge. If so, the conspiracy prosecution is barred by collateral estoppel. If not, we must decide whether the evidence offered in the possession prosecution must be suppressed in the conspiracy trial.

B.

Collateral estoppel completely bars a subsequent prosecution only when a fact "necessarily determined" in the first prosecution is an essential element of the offense charged in the subsequent prosecution. *See Kalish*, 780 F.2d at 508; *Lee*, 622 F.2d at 790. In the instant case, none of the essential elements of the offense of conspiracy to possess with intent to distribute marihuana was "necessarily decided" in the prior possession trial. Consequently, the district court properly refused to dismiss the indictment.

In order to prove the existence of a conspiracy to possess with intent to distribute marihuana, the government is required to prove three essential elements beyond a reasonable doubt: first, that an agreement existed to violate the federal narcotics laws; second, that the defendant knew of the existence of the agreement;

<hr>

(...continued)
which was the "single rationally conceivable issue in dispute before the jury").

7

and third, that he voluntarily participated in the conspiracy. *See United States v. Garcia*, 86 F.3d 394, 398 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 752 (1997); *United States v. Cardenas*, 9 F.3d 1139, 1157 (5th Cir. 1993); *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).

As we have stated, the jury "necessarily determined" only that the government had failed to prove, beyond a reasonable doubt, that Brackett knew of the marihuana discovered in his truck on September 18, 1992. To convict Brackett for conspiracy, however, the government need not prove that he knew of the marihuana confiscated at the checkpoint; to the contrary, the government is required to prove only that Brackett knew of an agreement to violate the federal narcotics laws and voluntarily participated in that agreement. *See*, *e.g.*, *Garcia*, 86 F.3d at 398. Consequently, his acquittal on the possession charge did not "necessarily decide" any essential element of the conspiracy charge.[5]

Under these circumstances, Brackett's acquittal of possession with intent to distribute does not collaterally estop the United States from prosecuting him, in a subsequent proceeding, for conspiracy to possess with intent to distribute. Accordingly, the district court did not err in refusing to dismiss the indictment.[6]

_____

[5] *See Lee*, 622 F.2d at 790 (holding that an acquittal on charges of marihuana possession does not foreclose proof of any element essential to a conviction for conspiracy to distribute marihuana).

[6] In the district court, Brackett also claimed the Double Jeopardy Clause bars the subsequent conspiracy prosecution. Insofar as he renews this claim on appeal, it is without merit. A substantive offense and conspiracy to commit that offense are not the "same offense" for purposes of double jeopardy. *United*

(continued...)

C.

Even when a subsequent prosecution is not completely barred, this court has held that collateral estoppel may bar the admission or argumentation of *facts* necessarily decided in the first trial. *See*, *e.g.*, *Deerman*, 837 at 690; *Kalish*, 780 F.2d at 508-09; *Caucci*, 635 F.2d at 448; *Lee*, 622 F.2d at 790. Relying on this doctrine, the district court concluded that all evidence introduced in the possession prosecution must be suppressed in the conspiracy trial. The government appeals this suppression order, arguing that it is overbroad and contrary to Supreme Court precedent. We agree.

A general verdict of acquittal, exculpating the defendant of liability for a substantive offense, does not estop the government from introducing the same evidence in a subsequent prosecution for conspiracy to commit the same offense. *E.g.*, *United States v. Garza*, 754 F.2d 1202, 1209 (5th Cir. 1985). A general verdict of acquittal merely indicates that the government has failed to convince the jury, beyond a reasonable doubt, of at least one essential element of the substantive offense; it does not "necessarily determine" any facts at issue in the conspiracy trial. Therefore, the doctrine of collateral estoppel is inapposite. *Id.*

---

(...continued)
*States v. Felix*, 503 U.S. 378, 389-92 (1992).

Likewise, Brackett suggests that a successive prosecution is barred if the government seeks to establish an essential element of the second offense by proving conduct for which the defendant was prosecuted in the first prosecution. *See Grady v. Corbin*, 495 U.S. 508, 510 (1990); *Illinois v. Vitale*, 447 U.S. 410, 420 (1980). This "same conduct" test for double jeopardy was abandoned, however, in *United States v. Dixon*, 509 U.S. 688, 704 (1993). *See Wright v. Whitley*, 11 F.3d 542, 545-46 (5th Cir. 1994). Therefore, Brackett can find no shelter in the Double Jeopardy Clause.

Accordingly, the government may introduce evidence of an alleged criminal act, notwithstanding the fact that the defendant previously has been acquitted of the substantive offense, to prove participation in a conspiracy to commit the substantive offense. Overt acts in furtherance of a conspiracy need not be criminal; therefore, acquittal for the substantive offense does not bar the admission of the same evidence in a subsequent conspiracy trial. "Merely because appellants were acquitted of the substantive . . . charges does not mean that the facts upon which the charges were based cannot later be used as non-criminal overt acts in further-ance of the conspiracy to commit the substantive offenses." *Id*. at 1209-10.[7]

The Supreme Court has placed its imprimatur on this principle. In *Dowling v. United States*, 493 U.S. 342 (1990), the Court held that a prior acquittal does not preclude the government from relitigating a question of fact when the issue is governed by a lower standard of proof in a subsequent proceeding. *Id*. at 347-50. The *Dowling* Court adopted the same reasoning we employed in *Garza*, acknowledging that a general acquittal does not "necessarily decide" an ultimate issue of fact but merely indicates that the evidence was not sufficient to prove every element of the offense beyond a reasonable doubt.

When the same evidence is admissible for a purpose that does

---

[7] *See also United States v. Morris*, 79 F.3d 409, 411 n.2 (5th Cir. 1996) (reaffirming that "acquittal of the substantive offense does not preclude use of the same facts as evidence of noncriminal overt acts in furtherance of a conspiracy").

not require proof beyond a reasonable doubt, therefore, collateral estoppel does not bar the government from relitigating the issue in a subsequent proceeding. *Id*. at 348-49.[8] Therefore, the *Dowling* Court declined the defendant's invitation "to extend *Ashe v. Swenson* and the collateral-estoppel component of the Double Jeopardy Clause to exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Id*. at 348. Informed by *Dowling*, we decline to extend the doctrine of collateral estoppel to bar relitigation of all evidence introduced in Brackett's prior possession prosecution.[9]

---

[8] The Court has recently reaffirmed this principle, holding that a general acquittal does not collaterally estop the government from introducing the same evidence in a subsequent proceeding governed by a lower burden of proof. *See United States v. Watts*, 117 S. Ct. 633, 637 (1997).

[9] In the aftermath of *Dowling*, collateral estoppel bars the introduction of evidence in a subsequent proceeding only if the facts "necessarily decided" in the first trial were determined under the same burden of proof applicable in the subsequent trial. Accordingly, *Dowling* calls into question the line of cases holding that collateral estoppel may bar the admission or argumentation of facts necessarily decided in the first trial, even if the subsequent prosecution is not completely barred. *See*, *e.g.*, *Deerman*, 837 F.2d at 690; *Kalish*, 780 F.2d at 508-09; *Caucci*, 635 F.2d at 448; *Lee*, 622 F.2d at 790. A general verdict of acquittal "necessarily determines" only that the evidence was insufficient to prove each *element* of the offense beyond a reasonable doubt; therefore, collateral estoppel bars relitigation only of facts that must be proven beyond a reasonable doubt.

Because only ultimate facts must be established beyond a reasonable doubt, however, *Dowling* effectively limits the doctrine of collateral estoppel to cases in which the government seeks to relitigate an essential element of the offense. *See Dowling*, 493 U.S. at 348 (declining to give collateral estoppel effect to a prior acquittal that did not decide an ultimate issue in the second prosecution); *see also Ashe*, 397 U.S. at 443 (limiting collateral estoppel to ultimate facts). "*Dowling* teaches that the *Ashe* holding only bars relitigation of a previously rejected factual allegation where that fact is an ultimate issue in the subsequent case." *Wright v. Whitley*, 11 F.3d 542, 546 (5th Cir. 1994); *accord Nichols v. Scott*, 69 F.3d 1255, 1271-72 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 2559 (1996).

(continued...)

Although the jury in the first trial "necessarily determined" that the government had failed to prove, beyond a reasonable doubt, that Brackett knew of the 247 kilograms of marihuana in his truck, the government need not prove that fact beyond a reasonable doubt in the conspiracy prosecution, as it is not an ultimate issue. In order to convict Brackett for participation in the conspiracy, the government must prove only that Brackett knowingly participated in a conspiracy to violate the federal narcotics laws; evidence concerning the September 18, 1992, marihuana shipment is *relevant* to establish Brackett's voluntary participation in the conspiracy, but is not *required* to prove the essential elements of the offense. Accordingly, collateral estoppel does not bar the government from relitigating evidence originally offered in the possession trial, because the burden of proof governing the admissibility of evidence in the conspiracy prosecution is lower than the burden of proof required to establish an ultimate issue in the possession trial.[10]

The admissibility of evidence relevant to an ultimate issue is governed by FED. R. EVID. 401, which defines "relevant evidence" as

---

(...continued)
Given the narrow interpretation of collateral estoppel endorsed in *Dowling*, it is difficult to conceive of a case in which collateral estoppel would bar the admission or argumentation of facts necessarily decided in the first trial, without completely barring the subsequent prosecution. In the instant case, however, we have no occasion to consider whether *Dowling* has overruled this line of decisions, and we leave that question for another day.

[10] *Cf. Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Evidence is placed before the jury when it satisfies the technical requirements of the evidentiary Rules, which embody certain legal and policy determinations. The inquiry made by a court concerned with these matters is not whether the proponent of the evidence wins or loses his case on the merits, but whether the evidentiary Rules have been satisfied. Thus, the evidentiary standard is unrelated to the burden of proof on the substantive issues, be it a criminal case or a civil case.") (internal citations omitted).

evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[11] It is indisputable that evidence concerning the September 18, 1992, marihuana shipment is highly relevant to the determination whether Brackett participated in a conspiracy to possess with intent to distribute marihuana, regardless of the fact that the evidence was insufficient to prove, beyond a reasonable doubt, his guilt of the substantive offense. Evidence that Brackett had transported 247 kilograms of marihuana, when corroborated by the statements of his alleged co-conspirators, would have a tendency to prove the essential elements of conspiracy to possess with intent to distribute marihuana: that an agreement existed to violate the narcotics laws, that Brackett knew of the agreement, and that he voluntarily participated in the conspiracy. Therefore, the evidence is relevant and admissible.[12]

In the instant case, the standard governing the admissibility of evidence is lower than was the burden of proof in the first

---

[11] In *Dowling*, the contested evidence concerned extrinsic evidence of other bad acts, admissible under FED. R. EVID. 404(b). In the instant case, however, the evidence is intrinsic evidence directly relevant to the conspiracy charge and thus is governed by FED. R. EVID. 401-03.

[12] Relevant evidence is presumptively admissible. FED. R. EVID. 402. Relevant evidence may be excluded by the district court if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Had the district court excluded all evidence introduced in the possession trial pursuant to rule 403, we would review that determination for abuse of discretion. *See, e.g.*, *Morris*, 79 F.3d at 411-12 (affirming the suppression of evidence under rule 403 despite the conclusion that the evidence was not collaterally estopped). The district court did not cite rule 403 as the basis for its ruling, however, and thus we have no occasion to consider such an alternative basis for decision.

trial. Under both Fifth Circuit precedent and *Dowling*, therefore, the government is not collaterally estopped from introducing the same evidence in the conspiracy prosecution. Accordingly, the district court erred in suppressing all evidence introduced in the possession trial.

## III.

The order refusing to dismiss the indictment is AFFIRMED. The suppression order is REVERSED, and this matter is REMANDED for further proceedings consistent with this opinion.