**The STATE of Texas, Appellant,**

v.

**Jack W. ANDERSON, Appellee.**

**No. 04–96–00928–CR.**

Court of Appeals of Texas,
San Antonio.

April 22, 1998.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Ernest Acevedo, III, Ernest Acevedo, III, Ernest Acevedo, Jr., P.C., San Antonio, for appellee.

---

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

The State appeals the trial court's order granting a pre-trial motion to suppress all evidence seized and all statements made after appellee, Jack W. Anderson, was arrested for DWI. The trial court granted the motion to suppress because, at a prior administrative license revocation (ALR) hearing, the administrative law judge (ALJ) held that there was no probable cause to arrest Anderson for driving while intoxicated (DWI). In one point of error, the State argues that the trial court erred when it granted the motion to suppress because the doctrine of collateral estoppel is not applicable to issues decided in ALR hearings.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 1996, Anderson was arrested for DWI. Consequently, Anderson was charged with misdemeanor DWI. In addition to the criminal charges, Anderson was also subject to having his driver's license suspended under section 724.035(a)(1) of the Texas Transportation Code for refusing to provide a breath specimen. At the license suspension hearing, the ALJ found that the Texas Department of Public Safety (DPS) had failed to prove that probable cause existed to arrest Anderson for DWI.

Anderson subsequently filed a motion to suppress in County Court at Law No. 2, the trial court that was to hear his DWI case. Anderson based his motion to suppress on lack of probable cause to arrest and argued that the State was collaterally estopped from litigating probable cause because the issue had been previously decided by the ALJ. The trial court granted the motion to suppress. It is this order that the State appeals. *See* TEX.CODE CRIM. P. ANN. art. 44.01(a)(5) (Vernon Supp.1998) (stating that State can appeal order granting motion to suppress).

### STANDARD OF REVIEW

■ When we review a trial court's ruling, our standard of review is determined by which judicial actor is in a better position to decide the issue. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App.1997). If the resolution of mixed questions of law and fact requires an evaluation of a witness's credibility and demeanor, appellate courts should afford almost total deference to the·trial court's ruling. *Id.* at 89. If the issue does not require such an evaluation, then appellate courts may review the question *de novo*. *Id.*

■ The determination of whether collateral estoppel is applicable in a particular case is the type of question that we are required to review *de novo*. *See United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir.1997) (stating that application of collateral estoppel is question of law that is reviewed *de novo* ), *cert. denied,* —— U.S. ——, 118 S.Ct. 341, 139 L.Ed.2d 265 (1997). Such a question does not turn on an evaluation of credibility and demeanor, but on the application of legal principles to established facts.

### DISCUSSION

■ The State argues that the trial court was not collaterally estopped from relitigating the issue of probable cause because the legislature intended for ALR hearings to be civil proceedings, independent of any matter at issue at the related DWI trial. *See* TEX. TRANSP. CODE ANN. § 724.048(a) (Vernon Pamph.1998) (stating that determination of ALJ is civil matter, is independent of and not estoppel to any matter in issue in adjudication of criminal charge, and does not preclude litigation of same or similar facts in criminal prosecution). The State also argues that constitutional collateral estoppel is inapplicable to issues decided in ALR hearings because collateral estoppel is derived from the Double Jeopardy Clause of the Fifth Amendment, which is not implicated because license suspensions are not punishment. *See Tharp v. State*, 935 S.W.2d 157, 161 (Tex. Crim.App.1996) (holding that driver's license suspension is not punishment); *Stephens v. State*, 806 S.W.2d 812, 816 (Tex.Crim.App. 1990)· (explaining that Double Jeopardy Clause protects against re-prosecution for same offense following acquittal or conviction and protects against multiple punishments

for same offense), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).

The Court of Criminal Appeals recently resolved the issue we face in this case in *State v. Brabson,* 966 S.W.2d 493 (Tex.Crim. App.1998). In that case and in the case before us, the issue is the same—whether the district attorney is estopped, in a criminal prosecution, from litigating the existence of probable cause to arrest in a motion to suppress hearing based on an ALJ finding in a prior administrative proceeding that DPS did not prove probable cause to arrest. *Id.* at 494–95. The Court held that constitutional collateral estoppel was not implicated, explaining that collateral estoppel as embodied in the Fifth Amendment "may 'bar a later prosecution for a separate offense where the Government has lost an earlier prosecution involving the same facts.'" *Id.* at 495, n. 2 (quoting *United States v. Dixon,* 509 U.S. 688, 705, 113 S.Ct. 2849, 2860–61, 125 L.Ed.2d 556 (1993)).

The Court then examined whether administrative collateral estoppel was implicated. *Id.* at 494–95. The Court explained that administrative estoppel applies "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of [ultimate] fact properly before it which the parties have had an adequate opportunity to litigate." *Id.* (alteration in original) (quoting *United States v. Utah Constr. and Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)). Upon examining the requirements of administrative collateral estoppel, the Court held that the district attorney and DPS are not the same parties for administrative collateral estoppel purposes and, consequently, the district attorney is not precluded from litigating the issue of probable cause to arrest at the motion to suppress hearing. *Id.* at 496. The Court explained that because the district attorney did not have an opportunity to litigate the issue of probable cause at the ALR hearing, allowing the district attorney to litigate the issue at the suppression hearing would not subject the defendant to an unfair trial. *Id.* at 496, n. 4 The Court also noted that in section 724.048(a)(3) of the Texas Transportation Code, the legislature expressly stated that the ALR hearing does not preclude the litigation of same or similar facts in a criminal prosecution. *Id.* at 497, n. 6.

Therefore, following *Brabson,* we hold that the district attorney is not precluded from litigating probable cause to arrest at the hearing on the motion to suppress because the district attorney is not the same party as DPS and, thus, the district attorney did not have an opportunity to litigate the probable cause issue at the ALR hearing. We sustain the State's point of error, reverse the decision of the trial court, and remand this case to the trial court for further proceedings.[1]

1. The State also argues, in the alternative, that the ALJ's finding does not estop the State from prosecuting Anderson on the DWI charge on evidence other than that resulting from Anderson's arrest. The trial court did not hold that the State was estopped from prosecuting Anderson. Therefore, this argument is not relevant to our determination of the propriety of the trial court's order that is before us.