**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-51161**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OSCAR ARMANDO MIRANDA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(MO-00-CR-141-15)**

---

June 26, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Oscar Armando Miranda appeals the denial of his motion to dismiss, on double jeopardy grounds, two counts of an indictment charging that he conspired to possess marijuana with intent to distribute it, and that he conspired to import marijuana. Miranda also appeals the ruling that evidence introduced at his earlier trial for possession of marijuana, which resulted in an acquittal, will be admissible at his trial on the conspiracy charges.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The denial of a pre-trial motion to dismiss an indictment based on double jeopardy grounds is immediately appealable under the collateral order doctrine. *See* **United States v. Brackett**, 113 F.3d 1396, 1398 (5th Cir.), *cert. denied*, 522 U.S. 934 (1997); **United States v. Coldwell**, 898 F.2d 1005, 1008 (5th Cir. 1990). Questions of law concerning the denial are reviewed *de novo*. **Brackett**, 113 F.3d at 1398.

Miranda is not entitled to dismissal of the conspiracy counts because "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes". **United States v. Felix**, 503 U.S. 378, 389 (1992).

Miranda also is not entitled to dismissal of the conspiracy counts on a collateral-estoppel theory of double jeopardy. Collateral estoppel "will completely bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution". **Brackett**, 113 F.3d at 1398. The district court properly refused to dismiss these counts because "none of the essential elements of the offense of conspiracy to possess with intent to distribute marihuana was 'necessarily decided' in [Miranda's] prior possession trial". **Id**. at 1399.

Concerning Miranda's assertion that the evidence of the marijuana seizure from his earlier possession trial should not be admitted at the conspiracy trial, he maintains that his acquittal

in the possession case conclusively established that he did not possess marijuana on or about 19 November 1999, as alleged in the possession indictment. Accordingly, Miranda contends that the doctrine of collateral estoppel prevents the Government from introducing that evidence. *See id.* at 1398 ("This court has consistently held that collateral estoppel may affect successive criminal prosecutions in one of two ways. First, it will completely bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution. Second, while the subsequent prosecution may proceed, collateral estoppel will bar the introduction or augmentation of facts necessarily decided in the prior proceeding.")

The district court's order concerning this issue was an evidentiary ruling and did not implicate the motion to dismiss the indictment. As Miranda made clear in his objections to the magistrate judge's report and recommendation, his request was that his "Motion to Dismiss Indictment due to Double Jeopardy be granted *and in the alternative*, that the Government be barred from introduction or augmentation of the facts determined against it in a prior proceeding based on the doctrine of Collateral Estoppel". (Emphasis added.)

Accordingly, for this interlocutory appeal, we do not have jurisdiction over the evidentiary ruling. *See, e.g., **United States***

3

*v. Deerman*, 837 F.2d 684, 690 n.1 (5th Cir.) (stating, in the context of an interlocutory appeal of the denial of a motion to dismiss an indictment, that "[w]e decline to determine whether any of the government's evidence used in the earlier trial must be excluded on retrial"), *cert. denied*, 488 U.S. 856 (1988). Although the Government does not address this jurisdictional issue, "[i]t goes without saying that, if necessary, we must examine *sua sponte* the basis of our jurisdiction". **United States v. West**, 240 F.3d 456, 458 (5th Cir. 2001).

We note that, in **Brackett**, an interlocutory appeal from the denial of a motion to dismiss the indictment, our court considered whether collateral estoppel prevented, in a subsequent conspiracy trial, the admission of evidence from a prior drug possession trial in which the defendant was acquitted. In **Brackett**, however, the district court had suppressed the evidence and our court had jurisdiction, pursuant to 18 U.S.C. § 3731, over the Government's appeal of the suppression order.

*AFFIRMED*

4