# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 11, 2011

No. 10-40705
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ARMANDO GARCIA, also known as Cachetes, true name Gerardo Castillo
Chavez,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-244-24

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gerardo Castillo Chavez (Castillo) has filed an interlocutory appeal of the
district court's pretrial order denying his motion to dismiss the indictment on the
grounds of double jeopardy and collateral estoppel. Castillo argues that when
the jury acquitted him of the firearm count of the previous indictment (Count
36), it also necessarily decided that he was not a "sicario" and was not involved
in the conspiracy count (Count 1), or in any of the additional offenses identified

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in the indictment.  He argues that this court should thus reverse the district court's decision and should hold that the Government is barred from retrying him on Counts 1, 28, 29, 33, and 34 of the new indictment.

The denial of a motion to dismiss an indictment on double jeopardy grounds is immediately appealable under the collateral order doctrine. *United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir. 1997).  This court reviews de novo the district court's order denying a motion to dismiss the indictment on double jeopardy grounds and it accepts as true any underlying factual findings that are not clearly erroneous. *United States v. Mauskar*, 557 F.3d 219, 227 (5th Cir. 2009).

"This court has consistently held that collateral estoppel may affect successive criminal prosecutions in one of two ways." *Brackett*, 113 F.3d at 1398. "First, it will completely bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution." *Id.* "Second, while the subsequent prosecution may proceed, collateral estoppel will bar the introduction or argumentation of facts necessarily decided in the prior proceeding." *Id.*

To determine which issues, if any, were "necessarily decided" in the defendant's favor during a previous trial following an acquittal by a general verdict, the court must examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matters, and determine whether a rational jury could have grounded its verdict of acquittal upon an issue other than that which the defendant seeks to foreclose from consideration. *Yeager v. United States,* 129 S. Ct. 2360, 2367 (2009).  In making this determination, the court should not consider the jury's failure to reach a verdict on other counts alleged in an indictment. *Id.*

"[T]he defendant bears the burden of demonstrating that the issue he seeks to foreclose was 'necessarily decided' in the first trial." *Brackett*, 113 F.3d at 1398 (internal citation omitted). "When a fact is not necessarily determined

in a former trial, the possibility that it may have been does not prevent re-examination of that issue." *Id.* (internal quotation marks and citation omitted).

Castillo has not shown that it would have been irrational for the jury to have grounded its verdict of acquittal on a determination that the Government failed to prove the possession element of the offense. The jury could have determined that the testimony offered by the Government was not sufficiently reliable to establish that Castillo possessed a firearm as alleged in Count 36 of the former indictment. Moreover, even if the jury rejected the testimony of Raul Jasso, Jr., and concluded that the evidence of possession was insufficient, it did not necessarily determine that Castillo was not involved in the conspiracy or the events alleged in Counts 28, 29, 33, and 34. At best, Castillo has shown only a possibility that the jury could have founded its verdict of acquittal upon a finding that he was not a sicario and was not involved in the conspiracy. Such is insufficient to invoke the doctrine of collateral estoppel. *See Yeager,* 129 S. Ct. at 2367; *Brackett*, 113 F.3d at 1398. Accordingly, the judgment of the district court is AFFIRMED.