**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

Lyle W. Cayce
Clerk

No. 10-50973
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

R. N. "PETE" HOLLOWAY, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-175-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

R. N. "Pete" Holloway has filed an interlocutory appeal of the district court's pretrial order denying his motion to dismiss the indictment on the grounds of double jeopardy. In 2008, Holloway was charged in a single-count indictment with conspiring to possess with intent to distribute 50 or more grams of cocaine base. He was convicted by a jury and was sentenced to life in prison. *See United States v. Holloway*, 377 F. App'x 383, 383-84 (5th Cir. 2010). On direct appeal, this court reversed, holding that the Government failed to prove

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

beyond a reasonable doubt that Holloway had entered into an agreement with any other person to distribute crack cocaine. *Id.* at 386-88.

In 2010, the Government returned a new indictment charging Holloway with distribution of crack cocaine. Holloway filed a motion to dismiss the indictment based on principles of double jeopardy, arguing that because the 2008 and 2010 indictments related to the same cause of action involving events within the same time frame, double jeopardy applied. The district court denied the motion, finding that although an acquittal was won on the conspiracy charge, the Government was allowed to now retry Holloway on the substantive distribution count in the present 2010 indictment because the two charges were dissimilar, did not meet the *Blockburger v. United States*, 284 U.S. 299, 304 (1932) test, and did not constitute double jeopardy.

Holloway argues that the *Blockburger* "same-elements" test alone is not sufficient. He contends that this court also requires that the district court "undertake a factually rigorous analysis" to ensure "that all components of a double-jeopardy challenge, to include the collateral estoppel component, are addressed." Because this argument was not raised in the district court, we review for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

"As applied against the government in criminal cases, collateral estoppel may either bar a subsequent prosecution, or it may prevent the relitigation of particular facts necessarily established in the prior proceeding." *Neal v. Cain*, 141 F.3d 207, 210 (5th Cir. 1998). Because Holloway has not shown that the factual issue allegedly barred by collateral estoppel, his knowing distribution of a controlled substance, was necessarily decided against the Government in the first trial, the district did not err, much less plainly err, by failing to apply the doctrine of collateral estoppel and by failing to conduct "a factually rigorous analysis" of the Government's case. *See Garcia v. Dretke*, 388 F.3d 496, 501 (5th Cir. 2004); *United States v. Brackett*, 113 F.3d 1396, 1398-1400 (5th Cir. 1997).

AFFIRMED.