**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

Lyle W. Cayce
Clerk

No. 10-40125

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

HUGO ELIO SARABIA, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

This case concerns whether a jury's acquittal of a defendant on one count of conspiracy to possess with the intent to distribute marijuana necessarily required determining a fact that would prevent retrying the defendant for possession with the intent to distribute marijuana. After Hugo Sarabia Jr. (Sarabia) was acquitted by a jury of one count of conspiracy to possess with the intent to distribute marijuana, the Government sought to retry him on an additional possession count on which the jury could not reach a verdict. Sarabia argues that the jury's decision to acquit him on the conspiracy charge necessarily means that the jury decided that he was not the person driving a recreational vehicle (RV) containing over 1,000 pounds of marijuana, and thus that he was

not in possession of the marijuana. He claims that double jeopardy bars his retrial on the possession charge under principles of issue preclusion, because the Government would need to prove that he drove the RV in order to convict him of the possession charge. Alternatively, Sarabia argues that retrial on the possession charge is barred by double jeopardy because possession is a lesser-included offense of conspiracy to possess. The district court denied Sarabia's motion to dismiss the indictment for double jeopardy. We affirm.

## I. BACKGROUND

On March 16, 2004, the Government indicted Sarabia on the following drug-related crimes: (1) conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count One); (2) possession with intent to distribute 898 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count Two); (3) possession with intent to distribute 458 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count Three); and (4) conspiring to launder proceeds of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(I), (h) (Count Four). The Government also indicted Sarabia's father, Hugo Sarabia Sr. (Senior), on Counts One, Three, and Four; Sarabia's brother, Leonel Sarabia (Leonel), on all four counts; and another alleged associate, Honecimo Rodriguez, on Counts One and Three. Leonel pleaded guilty to the conspiracy count prior to trial and testified at the trial of Sarabia and Senior.

The Government jointly tried Sarabia and Senior in a seven-day trial beginning on January 20, 2009. Just prior to the close of evidence, the district court granted Sarabia's motion for judgment of acquittal on Count Four, the money-laundering count. The jury acquitted Sarabia of Count One (the conspiracy count) and Count Two (one of the possession counts), but could not

agree on a verdict for Count Three (the remaining possession count).  The Government decided to retry Sarabia on Count Three.

In response to the Government's decision to retry him on Count Three, Sarabia filed a "Motion to Suppress," arguing that double jeopardy precludes the Government from introducing evidence that he was the driver of the RV that contained 458 kilograms of marijuana.  He claimed that because the Government relied upon this evidence in attempting to prove Count One, the jury's determination that he was not guilty on that count demonstrated that they had rejected that evidence.  The Government contended that the jury's verdict on the conspiracy count did not necessarily establish that the jury had rejected the evidence of Sarabia driving the RV, because the verdict could instead have been based on the insufficiency of the evidence of an agreement, a necessary element of conspiracy.

The district court construed Sarabia's motion to suppress as a motion to dismiss the indictment for double jeopardy.  After a hearing on the motion, the district court agreed with the Government that the evidence of Sarabia driving the RV primarily concerned the possession count and did not implicate the existence of an agreement.  The district court therefore denied Sarabia's motion and allowed the Government to retry him on the possession charge in a subsequent trial.

Sarabia then submitted an "Application for Certificate of Appealability," seeking leave to appeal the denial of his motion to dismiss the indictment.  The district court characterized the application as a notice of appeal and concluded that it was a "nonfrivolous colorable claim." It then ordered that the retrial on possession be stayed pending appeal.  Sarabia timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

"Under the collateral order doctrine, [this court has] jurisdiction under 28 U.S.C. § 1291 to review a pretrial order rejecting a claim of double jeopardy,

provided the jeopardy claim is 'colorable.'" *United States v. Shelby*, 604 F.3d 881, 885 (5th Cir. 2010) (citing *Richardson v. United States*, 468 U.S. 317, 322 (1984)).  A claim is colorable if "there is some possible validity to [the] claim." *Id.* (quoting *Richardson*, 468 U.S. at 326 n.6) (internal quotation marks omitted). Provided that the claim is colorable, this court reviews the district court's order de novo.  *United States v. Rabhan*, 628 F.3d 200, 203 (5th Cir. 2010) (citing *United States v. Arreola–Ramos*, 60 F.3d 188, 191 (5th Cir. 1995)).  Sarabia's issue preclusion argument is colorable, so we proceed to a consideration of the merits.

### III. DISCUSSION

**A. Issue Preclusion**

Sarabia first argues that in acquitting him of conspiracy to possess with the intent to distribute marijuana, the jury necessarily determined an ultimate issue of fact: that he did not drive the RV loaded with 1,009 pounds[1] of marijuana and thus was not in possession of the marijuana.  He contends that the Government's case against him consisted of the "one functional and central [piece of] evidence" that he drove the RV containing the marijuana.  Further, he maintains that the Government relied on this fact in attempting to prove his knowledge of an agreement and voluntary participation in the conspiracy, and that these elements overlap with the knowledge and possession elements in the possession charge.  Because proving this issue of fact is necessary to the Government's possession case on retrial, he maintains that the Government may not prosecute him on the possession charge because of issue preclusion and double jeopardy.

Issue preclusion means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated

---

[1] Although the indictment refers to this number in terms of kilograms, the testimony was presented in terms of pounds.

between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Although originally specific to civil litigation, courts have long applied this rule in federal criminal proceedings as well. *Id.* The Supreme Court has established that issue preclusion, also called collateral estoppel, is "embodied in the Fifth Amendment guarantee against double jeopardy." *Id.* at 445. This court has applied issue preclusion to criminal proceedings in two distinct ways: (1) to "bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution"; and (2) if the fact is not an essential element of the subsequent prosecution, to "bar the introduction or argumentation of facts necessarily decided in the prior proceeding." *United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir. 1997). Appellants only invoke the first application here, as possession of the drugs is a necessary element of the subsequent prosecution. *See United States v. Anchondo–Sandoval*, 910 F.2d 1234, 1236 (5th Cir. 1990).

In evaluating a claim of issue preclusion, the first step "is to determine which facts were 'necessarily decided' in the first trial." *Brackett*, 113 F.3d at 1398 (citing *United States v. Levy*, 803 F.2d 1390, 1398–99 (5th Cir. 1986)). Sarabia "bears the burden of demonstrating that the issue he seeks to foreclose was 'necessarily decided' in the first trial." *Id.* (citing *Dowling v. United States*, 493 U.S. 342, 350 (1990)). To determine "what [the] jury has necessarily decided," the court must "'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Yeager v. United States*, 129 S. Ct. 2360, 2367 (2009) (quoting *Ashe*, 397 U.S. at 444). This "inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.'" *Ashe*, 397 U.S. at 444 (quoting *Sealfon v. United States*, 332 U.S. 575, 579 (1948)).

No. 10-40125

Furthermore, in *Yeager*, the Supreme Court held that a "hung count is not a 'relevant' part of the 'record of [the] prior proceeding.'" 129 S. Ct. at 2367 (alteration in *Yeager*) (quoting *Ashe*, 397 U.S. at 444). It noted that "[u]nlike the pleadings, the jury charge, or the evidence introduced by the parties, there is no way to decipher what a hung count represents." *Id*. at 2638. Thus, while the court must examine the jury's acquittal of Sarabia on the conspiracy count, the jury's hung verdict on the possession count is irrelevant to the inquiry. Bearing these principles in mind, we turn to a review of the record in this case.

At trial, the Government produced witnesses who described how the alleged drug conspiracy came to the attention of authorities. In October 2001, a truck driver reported a suspicious RV parked outside of a motel near McAllen, Texas. He observed a man exit a white truck and drive the RV to what was later identified as Senior's house. Based on this tip, law enforcement officials began surveillance of the home.

On October 26, 2001, agents saw an RV depart the property. They followed it until it parked in a parking lot near an entrance to the highway. Two agents of the Texas Department of Public Safety Narcotics Service witnessed a man exit the RV and get into a white pickup truck before driving back to Senior's house. The pickup truck was registered to Sarabia and both agents testified at trial that they were later able to identify the man who had driven the RV as Sarabia, based on his driver's license photo. After watching a different man get into the RV and drive away, the agents conducted a traffic stop. Upon searching the RV, they found approximately 1,009 pounds of marijuana hidden inside its interior compartments.

The Government presented evidence that a man named Juan Sandoval was in charge of this drug-trafficking operation. Senior's brother-in-law, Leonides Yanez, testified about his own involvement in the operation. Yanez testified that Sarabia was also "helping" Juan Sandoval traffic drugs. Yanez's

testimony made up the entirety of the Government's evidence directly linking Sarabia with Sandoval.

While Sandoval was not charged in this indictment and was thus not named as part of the conspiracy, the Government did name Leonel, Sarabia's brother, in the indictment. Leonel testified about his own involvement with Sandoval and the trafficking operation. Leonel also testified, however, that Sarabia was not involved in any drug trafficking. Leonel denied having ever admitted that Sarabia was involved with the scheme. He further stated that he had no knowledge of Sarabia driving the RV on October 26. On cross-examination, he denied that he was involved in a plan or scheme to move narcotics with Sarabia.

In sum, a significant amount of the Government's evidence against Sarabia concerned him driving the RV on October 26, 2001. However, there was also conflicting testimony from Leonel that Sarabia was not involved in the drug-trafficking operation.

In order to determine what the jury necessarily decided based upon the evidence presented, we must consider the elements of a drug-related conspiracy. The district court instructed the jury that the following elements had to be met to find Sarabia guilty of conspiracy to possess with intent to distribute:

> First, the [sic] two or more persons directly or indirectly reached an agreement to knowingly and intentionally possess with the intent to distribute a controlled substance, and that the controlled substance was marijuana; second, that the Defendant knew of the unlawful purpose for the agreement; third, that the Defendant joined in the agreement willfully, that is with the intent to further its unlawful purpose; and fourth, that the overall scope of the conspiracy involved more than 1,000 kilograms of marijuana, more than 2,200 pounds of marijuana.

The jury instructions also highlighted the contours of conspiracy law:

> A conspiracy under the law is an agreement between two or more persons to join together to accomplish some unlawful purpose.

. . . .

> Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common names and interest does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of the conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Given the evidence presented at trial and the instructions the jury received, we determine that the jury's acquittal of Sarabia for conspiracy does not compel the conclusion that it found Sarabia was not driving the RV. To acquit Sarabia of conspiracy, the jury only needed to find that one of the required elements was not proved beyond a reasonable doubt. For one of these elements in particular—the existence of an agreement—the jury could have found that the Government failed to meet its burden of proof while still finding that Sarabia was the driver of the RV.

The evidence presented at trial makes such a scenario possible. Two Texas state agents gave eyewitness testimony that they observed Sarabia drive the RV, park it, and drive away in a white truck that is registered in his name. The jury may have credited this testimony. The evidence relating to a conspiracy included the statement of Yanez that Sarabia was helping Sandoval with drug trafficking as well as the testimony of Leonel that Sarabia was not involved. The jury may have credited Leonel's testimony on this point over Yanez's, or it may have concluded that there simply was not enough evidence of an agreement to remove the reasonable doubt that Sarabia was part of a conspiracy. Relying on the court's instructions, the jury may have found that Sarabia "ha[d] no knowledge of the conspiracy, but . . . happene[d] to act in a way which advance[d] some purpose of the conspiracy" by driving the RV. Per the instructions, that set of facts would not give rise to a conspiracy.

No. 10-40125

Of course it is possible that the jury determined that Sarabia was not the driver of the RV.  Nevertheless, our inquiry does not focus on what the jury *may* have decided, but rather on what it *must* have decided.  *See Brackett*, 113 F.3d at 1398 ("When a fact is not necessarily determined in a former trial, the possibility that it may have been does not prevent re-examination of that issue." (quoting *United States v. Lee*, 622 F.2d 787, 790 (5th Cir. 1980)) (internal quotation marks omitted)).  Sarabia bears the burden of demonstrating that the issue he seeks to foreclose—whether he drove the RV—was "necessarily decided" by the jury in his first trial.  He has not done so.  Because Sarabia has failed to show that the issue of whether he drove the RV was precluded by the jury's verdict in his previous trial, he will not be placed twice in jeopardy by a retrial for the possession count on which the jury hung.

## B. Lesser-Included Offense

Sarabia's other argument on appeal is that double jeopardy prevents the Government from retrying him for possession because it is a lesser-included offense of conspiracy.  This argument has been directly foreclosed by the Supreme Court in *United States v. Felix*, 503 U.S. 378, 389 (1992) (reaffirming that "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes").  It is therefore not colorable and we lack jurisdiction to review this argument.  *Shelby*, 604 F.3d at 885.

## IV. CONCLUSION

Sarabia's issue-preclusion argument, while colorable, fails to establish that the issue he seeks to foreclose was necessarily decided in his prior trial.  Thus, it does not amount to double jeopardy to retry him for possession of marijuana.  The district court's denial of Sarabia's motion to dismiss the indictment is AFFIRMED.