# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10893
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA WAYNE BEVILL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-82-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joshua Wayne Bevill has filed an interlocutory appeal of the district court's pretrial order denying his motion to dismiss the indictment on the grounds of double jeopardy and collateral estoppel. Bevill asserts that the instant fraud charges alleged against him involve the same offense as that encompassed by his previous plea to securities fraud, as both cases involved substantially the same scheme. He also contends that he would be punished twice for the same offense because in creating a presentence report prior to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdrawal of Bevill's guilty plea to money laundering in the instant case, the probation officer considered as relevant conduct the same 101 victims that had been considered as relevant conduct in the previous case.

The denial of a motion to dismiss an indictment on double jeopardy grounds is immediately appealable under the collateral order doctrine. *United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir. 1997). However, Bevill must present a colorable claim of double jeopardy to warrant this court's jurisdiction. *Richardson v. United States*, 468 U.S. 317, 322, 326 n.6 (1984); *United States v. Shelby*, 604 F.3d 881, 885 (5th Cir. 2010). We review de novo the district court's order denying a motion to dismiss the indictment on double jeopardy grounds and accept as true any underlying factual findings that are not clearly erroneous. *United States v. Mauskar*, 557 F.3d 219, 227 (5th Cir. 2009).

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). If application of the *Blockburger* test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred. *United States v. Deshaw*, 974 F.2d 667, 670 (5th Cir. 1992). Even if the *Blockburger* test is not satisfied, the reviewing court must also consider the complaint alleged here and whether a second prosecution is barred under the doctrine of collateral estoppel. *Id.* (citing *Ashe v. Swenson*, 397 U.S. 436, 445 (1970)). This doctrine may either "completely bar a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution," or it may "bar the introduction or argumentation of facts necessarily decided in the prior proceeding." *Brackett*, 113 F.3d at 1398.

To the extent that Bevill is arguing that the two charging instruments allege a violation of the same offense because he engaged in the same fraudulent scheme on two occasions, "the precise acts involved are different," and he is thus unable to establish that "the two offenses are in law and in fact the same offense" for double jeopardy purposes. *United States v. Wayman*, 510 F.2d 1020, 1029 (5th Cir. 1975). Additionally, Bevill is unable to show collateral estoppel, because the Government must prove that Bevill made fraudulent statements to the new victims relating to a scheme to sell securities and the use of interstate, mail, or wire communications occurred, and these facts were not established in the previous prosecution. *See Brackett*, 113 F.3d at 1398. To the extent that Bevill's assertion that he may be punished twice for the same offense by having the same relevant conduct counted twice is ripe for review, given that Bevill has not yet been convicted of any count in the second indictment, his assertions are without merit. The "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." *Witte v. United States*, 515 U.S. 389, 399 (1995).

Bevill thus has not made a colorable showing of a double jeopardy violation, and this court thus lacks jurisdiction over this interlocutory appeal. *See Richardson*, 468 U.S. at 322, 326 n.6; *Shelby*, 604 F.3d at 885. As a result, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED AS FRIVOLOUS. The Government's alternative motions for summary affirmance and for an extension of time to file an appellate brief are DENIED. Bevill's motions to amend his initial brief and to file a supplemental response to the Government's motion are GRANTED. The Government's motion to file Exhibit E of its motion under seal is also GRANTED. Bevill's motion for reconsideration of this court's refusal to stay the district court proceedings is DENIED.