**In re Harvella JONES, Relator.**

No. 97–0501.

Supreme Court of Texas.

April 14, 1998.

Harvella Jones, Houston, pro se.

William Steven Jackson, Houston, for Respondent.

PER CURIAM.

The sole issue in this original mandamus proceeding is whether relator gave the notice required by former Rule 40(a)(3)(B), TEX. R.APP. P., of her inability to give security for costs to perfect her appeal. We conclude she did.

Rule 40(a)(3)(B) required an appellant to give notice to the opposing party or the party's attorney and to the court reporter within two days after filing an affidavit averring inability to give security for costs of appeal. Harvella Jones filed an affidavit of indigency to perfect appeal of an adverse judgment in her action against Donald Jecker. The same day she attempted to hand-deliver a copy to the court reporter, but when she came to the court where the court reporter worked, she was told by the bailiff

to leave notice with the clerk because the court reporter was in court. Jones did so. The court reporter later testified that she first received notice that an affidavit had been filed eleven days later at the hearing on the clerk's contest. Jones also mailed a copy to the opposing party's counsel, but he denied receiving it. He admitted, however, that the day after Jones filed her affidavit he received from her a copy of a request to the court reporter for preparation of the statement of facts. The request mentioned her affidavit as well as her " 'inability to pay' ... status with [the] court". He also admitted receiving notice the day Jones filed her affidavit of a hearing on the clerk's contest of the affidavit. This sequence of events is undisputed by the parties.

The statutory county court sustained the clerk's contest to Jones's affidavit on the grounds that the court reporter and opposing counsel had not been given timely notice of the affidavit's filing. Jones sought mandamus relief from the court of appeals but was unsuccessful.

■ Before this Court, Jecker, the real party in interest, argues that Jones "failed to comply with the notice requirement as set forth by [Rule 40(a)(3)(B) ]." We disagree. Jones's opposing counsel was notified of the filing of the affidavit when he received a copy of the request to the court reporter that referred to the affidavit. *See Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987) (reasoning that a letter must only "sufficiently fulfill the purpose of the rule"; namely, to allow a party "the opportunity to file a timely written contest"). Moreover, we conclude that Jones's leaving the notice with the clerk as the bailiff directed is sufficient to satisfy Rule 40(a)(3)(B). *See McRoberts v. Ryals,* 863 S.W.2d 450, 453–454 (Tex.1993) (holding that an attorney was not negligent as a matter of law when his failure to perfect appeal was caused by a court clerk's erroneous letter indicating that the appealed cause was interlocutory); *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 372 (Tex.1990) (holding that a motion for new trial was 'timely' when it was delivered within the deadline but file-stamped late because a courthouse employee mistakenly gave the motion to the court administrator instead of the court clerk); *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 681 (Tex.1979) (holding that a petition file-stamped one day late was deemed timely when a deputy district clerk caused the delay by telling the mail carrier to forego a scheduled mail delivery); *Hanks v. Rosser,* 378 S.W.2d 31, 35 (Tex.1964) (holding that a bill of review was appropriate when an attorney filed an answer instead of a motion for new trial because the court clerk had erroneously informed him that the court had not rendered a default judgment). This is especially true because Jones is a *pro se* litigant pursuing an appeal *in forma pauperis.* *Jones,* 747 S.W.2d at 370 ("Indigency provisions ... have long been liberally construed in favor of a right to appeal."). Jones diligently made herself aware of the rules and satisfied their requirements.

■ We therefore hold that the county court abused its discretion by sustaining the contest to Jones's affidavit on the grounds that Jones failed to give proper notice of her affidavit's filing. Mandamus is the proper remedy in such circumstances. *Smith v. McCorkle,* 895 S.W.2d 692, 693 (Tex.1995). Accordingly, without hearing oral argument, the Court grants the writ of mandamus and directs the county court to vacate its order of April 1, 1997, and conduct a hearing on the merits of the contest to Jones's affidavit. Tex.R.App. P. 59.1. We trust the county court will promptly comply. Our writ will issue only if it does not.