**Ex parte David Wayne WILHELM.**

No. 2–97–379–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1998.

Rehearing Overruled Oct. 22, 1998.

Melvyn Carson Bruder, Dallas, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, David M. Curl, Trent Loftin, Alana Frankfather, Asst. Criminal Dist., Fort Worth, for appellee.

Before CAYCE, C.J., and RICHARDS and BRIGHAM, JJ.

## MEMORANDUM OPINION[1]

RICHARDS, Justice.

This is an interlocutory appeal from the trial court's decision denying pre-trial relief on a claim of collateral estoppel. Appellant's specific complaint is that the trial court was required to grant the relief he requested in a pre-trial writ of habeas corpus; to wit: find that the State was collaterally estopped from relitigating the issue of the legality of the traffic stop which gave rise to appellant's arrest for the offense of driving while intoxicated.

Appellant argues that because an administrative law judge earlier found that the traffic stop was illegal, the State was barred from relitigating that issue as part of its subsequent DWI prosecution. We affirm.

 The Texas Court of Criminal Appeals has recently held that although appellate courts have the jurisdiction to hear interlocutory appeals from habeas writs, with a few notable exceptions, such as claims of double jeopardy which, if sustained, bar prosecution, many issues raised in pre-trial appeals have adequate remedies by direct appeal upon final conviction, such that the claims are not cognizable basis for relief via pre-trial habeas appeal. *See Ex Parte McCullough,* 966 S.W.2d 529, 530 (Tex.Crim. App.1998). Here, the possibility that appellant may be acquitted, coupled with the fact that it is possible the trial judge could change his ruling during subsequent proceedings in the case, requires the conclusion that appellant's claim does not present a cognizable ground for pre-trial relief.[2] Moreover, even if the claim could properly be presented in a pre-trial appeal, the Texas Court of Criminal Appeals' decisions in *State v. Aguilar,* 947 S.W.2d 257, 260 (Tex.Crim.App.1997), and

*State v. Brabson,* 966 S.W.2d 493, 496–97 (Tex.Crim.App.1998), where the court found that collateral estoppel principles did not prevent the State from relitigating an adverse ruling by an administrative judge, also have equal application in our case. Appellant's point is overruled.

The trial court's order denying appellant's requested relief is affirmed.

---

1. *See* Tex.R.App. P. 47.1.

2. In *Ex parte Serna,* 957 S.W.2d 598 (Tex.App.—Fort Worth 1997, pet. filed), this Court addressed a collateral estoppel issue in the context of a pretrial habeas appeal in which the defendant advanced both a double jeopardy claim and a collateral estoppel claim. Because double jeopardy claims must be addressed by appellate courts in interlocutory appeals, we reached the merits of both the double jeopardy claim and the collateral estoppel contention. Here, appellant does not claim that the State is barred from retrying him, only that it cannot relitigate an issue previously litigated. Appellant has an adequate remedy by appeal should he be convicted.