**The STATE of Texas, Appellant,**

v.

**Wenceslao Gomez AYALA, Appellee.**

**No. 08–97–00597–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 5, 1998.

K. Jefferson Bray, Asst. District Attorney, Dallas, for Appellant.

Ramanjeet Gill, Asst. Public Defender, Terence Sean Bajuk, Dallas, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

The State of Texas appeals from the trial court's order granting a plea of collateral estoppel and pretrial motion to suppress certain evidence in the prosecution of Wenceslao Gomez Ayala for driving while intoxicated (DWI). Although the trial court specifically found that the initial stop of Ayala's vehicle was supported by reasonable suspicion and probable cause, the court concluded that the State was collaterally estopped from relitigating the legality of the stop because, at a prior administrative license revocation (ALR) hearing, the administrative law judge found that the arresting officer lacked reasonable suspicion to make the initial stop. Consequently, the trial court granted Ayala's motion to suppress and plea of collateral estoppel. In a single point of error, the State argues that it is not barred by collateral estoppel from litigating the lawfulness of Ayala's initial detention and subsequent arrest for DWI. We sustain the State's point of error and reverse the suppression order.

## FACTUAL SUMMARY

■ Susan Jane Barber, a Dallas police officer, stopped the vehicle driven by Ayala after observing him fail to drive his vehicle in a single lane in violation of TEX.TRANSP.CODE ANN. § 545.060(a)(Vernon Pamph.1998). Based upon her observations of Ayala made

after the stop, she determined that he was intoxicated and arrested him for DWI. Ayala refused Barber's request to submit a specimen of his breath or blood for analysis. *See* TEX.TRANSP.CODE ANN. §§ 724.015, 724.031, 724.032. The Dallas County Criminal District Attorney subsequently filed an information charging Ayala with DWI. After the Texas Department of Public Safety notified Ayala that his driver's license had been suspended as a result of his refusal to submit a specimen of his breath or blood, Ayala requested a hearing. *See* TEX.TRANSP.CODE ANN. §§ 724.033, 724.034, 724.035, and 724.041.[1] Following that hearing, the administrative law judge determined that the initial stop of Ayala's vehicle was not supported by reasonable suspicion, and denied DPS' petition to suspend Ayala's license.[2] In the criminal prosecution, Ayala filed a motion to suppress all evidence obtained as a result of the illegal stop. He further argued that the State was collaterally estopped from relitigating the lawfulness of the initial detention. Relying on *State v. Aguilar*, 947 S.W.2d 257 (Tex.Crim.App.1997), the trial court agreed with Ayala that the administrative law judge's finding barred the State from relitigating that issue, and consequently, the court entered an order suppressing the evidence.

## COLLATERAL ESTOPPEL

In its sole point of error, the State contends that the trial court erred in granting the motion to suppress on the ground of collateral estoppel. Shortly after the State filed its brief, the Court of Criminal Appeals decided *State v. Brabson*, 966 S.W.2d 493 (Tex.Crim.App.1998), which favors the State's position. Ayala asserts, however,

---

1. The license suspension case is styled "The Texas Department of Public Safety v. Wenceslao Gomez Ayala" and is cause number 1997–04–27667.

2. A peace officer is authorized to arrest a person found committing a traffic violation other than speeding. *See* TEX.CODE CRIM.PROC ANN. art. 14.01(b)(Vernon 1977)(a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view); TEX.TRANSP.CODE ANN. § 543.001 (general authorization to arrest); TEX.TRANSP.CODE ANN. § 543.004

(exception for speeding offense). The administrative law judge apparently failed to consider that Officer Barber's observation of the traffic offense gave her probable cause to stop the vehicle and arrest Ayala, thereby obviating the need for reasonable suspicion. *See State v. Skiles*, 938 S.W.2d 447, 453 (Tex.Crim.App.1997); *State v. McCall*, 929 S.W.2d 601, 604 (Tex.App.—San Antonio 1996, no pet.); *Ruiz v. State*, 907 S.W.2d 600, 604 (Tex.App.—Corpus Christi 1995, no pet.).

that in applying an abuse of discretion standard to the trial court's ruling, we must ignore *Brabson* because it had not been decided at the time the court made its decision. Because Ayala's argument implicates the proper standard of review, we will address that issue first.

### Standard of Review

In reviewing a trial court's ruling, an appellate court must first determine the applicable standard of review. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997). Traditionally, appellate courts have reviewed rulings on motions to suppress under an abuse of discretion standard. *See e.g., Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *Brewer v. State*, 932 S.W.2d 161, 166 (Tex.App.—El Paso 1996, no pet.). This deferential standard has been applied to a trial court's factual findings made in connection with a motion to suppress based on collateral estoppel. *Aguilar*, 947 S.W.2d at 260. In *Guzman*, the Court of Criminal Appeals clarified the standard of review for appellate courts when deciding mixed questions of law and fact such as that involved in the instant case. An appellate court must defer to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. The same deference should be afforded a trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* Finally, an appellate court may review *de novo* "mixed questions of law and fact" not falling within the second category. *Id.*

The facts giving rise to Ayala's collateral estoppel claim are undisputed and resolution of the issue presented on appeal does not turn on an evaluation of the credibility of any witness. Consequently, we will review

the collateral estoppel issue *de novo*. *Guzman*, 955 S.W.2d at 89; *State v. Anderson*, 974 S.W.2d 193 (Tex.App.—San Antonio 1998, no pet.h.)(not yet reported).[3]

### Application of Brabson

The Court of Criminal Appeals determined in *Brabson* that collateral estoppel, as embodied in the Fifth Amendment guarantee against double jeopardy, is not implicated by a criminal prosecution following an administrative license revocation proceeding. *Brabson*, 966 S.W.2d at 495 n. 2. The only issue is whether the federal common law doctrine of "administrative collateral estoppel" bars the State from litigating the suppression issue. This doctrine will bar relitigation of an issue in a subsequent criminal prosecution when it is shown that an administrative agency, while acting in a judicial capacity, has resolved a disputed issue of ultimate fact properly before it which the parties have had an adequate opportunity to litigate. *See Brabson*, 966 S.W.2d at 495. This doctrine does not apply if the parties in the administrative proceeding and the criminal prosecution are not identical. *Brabson*, 966 S.W.2d at 496. The Court of Criminal Appeals determined in *Brabson* that the Texas Department of Public Safety and the Dallas County Criminal District Attorney's Office are not the same party for the purpose of administrative collateral estoppel, and therefore, the District Attorney's Office is not barred from litigating the suppression issue in the criminal prosecution. *Id.* at 496 and n. 4. The exact facts are present in this case. Accordingly, we find that the District Attorney's Office is not barred from litigating the suppression issue. *Id.* at 496. Point of Error No. One is sustained. The trial court's order granting the motion to suppress and the plea of collateral estoppel are reversed and the cause remanded.

---

**3.** Even if we agreed with Ayala that an abuse of discretion standard applied to this issue, deference does not require that we ignore applicable law regardless of whether the case in question had been decided at the time the trial court made its decision. Moreover, *Brabson* did not an-

nounce an entirely new rule but merely applied administrative collateral estoppel, a doctrine which had been previously adopted in Texas, to the particular facts of that case. *See Brabson*, 966 S.W.2d at 495; *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex.Crim.App.1986).