COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-247-CR

 

 

RANDY EUGENE ALMON                                                      APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Randy Eugene Almon
appeals from his conviction for misdemeanor driving while intoxicated
(DWI).  In one issue, he contends that
the trial court erred by denying his motion to suppress.  We affirm.

Background Facts








On March 24, 2005, Arlington
police officer Erica Zenteno saw the driver of a red Toyota Celica abruptly
turn from a residential street onto westbound East Arkansas street.  A vehicle in the right-hand lane nearly struck
the Celica.      Officer Zenteno then saw the Celica accelerate and continue on
East Arkansas in front of her.  She tried
to get behind the Celica, but there was still Aa good distance@ between her
patrol car and the Celica.  When she got
near the Celica, Ait then
turned right into a car wash parking lot and then went westbound through the
parking lot and exited a driveway from the parking lot onto [northbound] North
Collins.@ 

The driver of the Celica did
not stop at all before exiting the car wash parking lot.  Officer Zenteno stopped at the traffic light
at East Arkansas and North Collins and waited for the light to change before
turning onto northbound North Collins after the Celica.  She lost sight of the Celica but caught up to
it between Pioneer Parkway and Park Row. 
Officer Zenteno knew that it was the same Celica she had previously seen
make the abrupt turn onto East Arkansas and cut across the parking lot because
the Celica was the only red Toyota Celica on the road at that time.  In addition, she knew the driver of the
Celica she caught up to on North Collins was the same person because she had
seen the driver when he turned onto East Arkansas. 








Officer Zenteno then
activated her overhead lights and stopped the Celica because she believed that
the driver, whom she later identified as appellant, was trying to get away from
her when he drove across the parking lot after she got behind him on East
Arkansas.  She also intended to write him
tickets for failing to yield the right of way on East Arkansas and for failing
to stop in a parking lot.  Officer
Zenteno told appellant that she had stopped him because he had cut across the
car wash parking lot onto North Collins. 
Appellant told Officer Zenteno that someone in a car had been chasing
him from AState
Highway 360 and Arkansas@ and that he
was frightened because the occupants of the car yelled and gestured at him. 








Officer Zenteno was
suspicious of appellant=s story
because he was about two miles away from where he told her the incident with
the car happened.  While Officer Zenteno
was talking to appellant, she noticed that he smelled strongly of an alcoholic
beverage.  After Officer Zenteno checked
appellant=s driver=s license, she returned to the Celica and asked appellant if he had
been drinking.[2]  Officer Zenteno then had appellant step out
of the car, and she performed an initial, incomplete horizontal gaze nystagmus
(HGN) test on him.  She determined that
appellant=s eyes
exhibited HGN, which led her to believe that he was intoxicated.  She called another officer to watch and
assist her while she performed a more complete HGN test, which appellant
failed.  Appellant then refused to
perform any other field sobriety tests. 
Based on appellant=s failing
the HGN test, his driving when she first saw him, his red eyes, the smell of
alcohol on him, and his refusal to perform any additional field sobriety tests,
Officer Zenteno arrested appellant for DWI.

The trial court denied
appellant=s pretrial
motion to suppress evidence of the stop and his intoxication.  A jury then convicted appellant of
misdemeanor DWI and assessed his punishment at ninety days= confinement.

Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

When reviewing a trial court=s ruling on a mixed question of law and fact, the court of appeals may
review de novo the trial court=s application of the law of search and seizure to the facts of the
case.  Estrada, 154 S.W.3d at
607.  When there are no explicit findings
of historical fact, the evidence must be viewed in the light most favorable to
the trial court=s
ruling.  Id.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.








Applicable Law

A police
officer has the authority to stop and temporarily detain a driver who has
violated a traffic law.  Armitage v.
State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); Lemmons v. State,
133 S.W.3d 751, 756 (Tex. App.CFort Worth 2004, pet. ref=d).  Further, because a
violation of the traffic laws constitutes probable cause to arrest the
violator, the need for reasonable suspicion is obviated.  See Tex.
Transp. Code Ann. ' 543.001
(Vernon 1999); Lemmons, 133 S.W.3d at 756; State v. Ayala, 981
S.W.2d 474, 476 (Tex. App.CEl Paso 1998, pet. ref=d).








A detention may be justified
on less than probable cause if a person is reasonably suspected of criminal
activity based on specific, articulable facts. 
Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); Carmouche,
10 S.W.3d at 328.  An officer conducts a
lawful temporary detention when he has reasonable suspicion to believe that an
individual is violating the law.  Ford
v. State, 158 S.W.3d  488, 492 (Tex.
2005).  Reasonable suspicion exists when,
based on the totality of the circumstances, the officer has specific,
articulable facts that when combined with rational inferences from those facts,
would lead him to reasonably conclude that a particular person is, has been, or
soon will be engaged in criminal activity. 
Id. at 492-93.  This is an
objective standard that disregards any subjective intent of the officer making
the stop and looks solely to whether an objective basis for the stop
exists.  Id. at 492.

Analysis

Officer Zenteno testified
that she saw appellant commit two traffic violations before she pulled him
over:  failure to yield right of way and
failure to stop while exiting a parking lot. 
Failure to stop in a parking lot is an offense listed in the
transportation code.  Tex. Transp. Code Ann. ' 545.423 (Vernon 1999).  Officer
Zenteno articulated specific facts supporting her conclusion that appellant
committed the offense of failing to stop in a parking lot; thus, we conclude
that Officer Zenteno had probable cause to stop appellant for that
offense.  See Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005); Tex. Transp.
Code Ann. ' 543.001
(Vernon 1999); Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App.
1986); Tyler v. State, 161 S.W.3d 745, 748 (Tex. App.CFort Worth 2005, no pet.).








Appellant contends that
Officer Zenteno=s probable
cause vanished when she lost sight of the Celica on North Collins and that she
did not testify to specific, articulable facts giving rise to reasonable
suspicion to stop him after that.  But
the trial court was authorized to believe Officer Zenteno=s testimony that appellant was the same driver that she had previously
seen commit the traffic violations, and we are bound by that implied
finding.  Ross, 32 S.W.3d at
855.  Thus, we conclude and hold that the
trial court did not err by denying appellant=s motion to suppress.  We overrule
appellant=s sole
issue.

 

 

Conclusion

Having
overruled appellant=s sole
issue, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 25, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]The
record does not show if appellant answered her.