ALMON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-247-CR

RANDY EUGENE ALMON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Randy Eugene Almon appeals from his conviction for misdemeanor driving while intoxicated (DWI).  In one issue, he contends that the trial court erred by denying his motion to suppress.  We affirm.

Background Facts

On March 24, 2005, Arlington police officer Erica Zenteno saw the driver of a red Toyota Celica abruptly turn from a residential street onto westbound East Arkansas street.  A vehicle in the right-hand lane nearly struck the Celica.   Officer Zenteno then saw the Celica accelerate and continue on East Arkansas in front of her.  She tried to get behind the Celica, but there was still “a good distance” between her patrol car and the Celica.  When she got near the Celica, “it then turned right into a car wash parking lot and then went westbound through the parking lot and exited a driveway from the parking lot onto [northbound] North Collins.” 

The driver of the Celica did not stop at all before exiting the car wash parking lot.  Officer Zenteno stopped at the traffic light at East Arkansas and North Collins and waited for the light to change before turning onto northbound North Collins after the Celica.  She lost sight of the Celica but caught up to it between Pioneer Parkway and Park Row.  Officer Zenteno knew that it was the same Celica she had previously seen make the abrupt turn onto East Arkansas and cut across the parking lot because the Celica was the only red Toyota Celica on the road at that time.  In addition, she knew the driver of the Celica she caught up to on North Collins was the same person because she had seen the driver when he turned onto East Arkansas. 

Officer Zenteno then activated her overhead lights and stopped the Celica because she believed that the driver, whom she later identified as appellant, was trying to get away from her when he drove across the parking lot after she got behind him on East Arkansas.  She also intended to write him tickets for failing to yield the right of way on East Arkansas and for failing to stop in a parking lot.  Officer Zenteno told appellant that she had stopped him because he had cut across the car wash parking lot onto North Collins.  Appellant told Officer Zenteno that someone in a car had been chasing him from “State Highway 360 and Arkansas” and that he was frightened because the occupants of the car yelled and gestured at him. 

Officer Zenteno was suspicious of appellant’s story because he was about two miles away from where he told her the incident with the car happened.  While Officer Zenteno was talking to appellant, she noticed that he smelled strongly of an alcoholic beverage.  After Officer Zenteno checked appellant’s driver’s license, she returned to the Celica and asked appellant if he had been drinking.
(footnote: 2)  Officer Zenteno then had appellant step out of the car, and she performed an initial, incomplete horizontal gaze nystagmus (HGN) test on him.  She determined that appellant’s eyes exhibited HGN, which led her to believe that he was intoxicated.  She called another officer to watch and assist her while she performed a more complete HGN test, which appellant failed.  Appellant then refused to perform any other field sobriety tests.  Based on appellant’s failing the HGN test, his driving when she first saw him, his red eyes, the smell of alcohol on him, and his refusal to perform any additional field sobriety tests, Officer Zenteno arrested appellant for DWI.

The trial court denied appellant’s pretrial motion to suppress evidence of the stop and his intoxication.  A jury then convicted appellant of misdemeanor DWI and assessed his punishment at ninety days’ confinement.

Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

Applicable Law

A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law.  
Armitage v. State
, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); 
Lemmons v. State
, 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref’d).  Further, because a violation of the traffic laws constitutes probable cause to arrest the violator, the need for reasonable suspicion is obviated.  
See
 
Tex. Transp. Code Ann.
 § 543.001 (Vernon 1999); 
Lemmons
, 133 S.W.3d at 756; 
State v. Ayala
, 981 S.W.2d 474, 476 (Tex. App.—El Paso 1998, pet. ref’d).

A detention may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law.  
Ford v. State
, 158 S.W.3d  488, 492 (Tex. 2005).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id
. at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id
. at 492.

Analysis

Officer Zenteno testified that she saw appellant commit two traffic violations before she pulled him over:  failure to yield right of way and failure to stop while exiting a parking lot.  Failure to stop in a parking lot is an offense listed in the transportation code.  
Tex. Transp. Code Ann.
 § 545.423 (Vernon 1999).  Officer Zenteno articulated specific facts supporting her conclusion that appellant committed the offense of failing to stop in a parking lot; thus, we conclude that Officer Zenteno had probable cause to stop appellant for that offense.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 2005); 
Tex. Transp. Code Ann
. § 543.001 (Vernon 1999); 
Williams v. State
, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986); 
Tyler v. State
, 161 S.W.3d 745, 748 (Tex. App.—Fort Worth 2005, no pet.).

Appellant contends that Officer Zenteno’s probable cause vanished when she lost sight of the Celica on North Collins and that she did not testify to specific, articulable facts giving rise to reasonable suspicion to stop him after that.  But the trial court was authorized to believe Officer Zenteno’s testimony that appellant was the same driver that she had previously seen commit the traffic violations, and we are bound by that implied finding.  
Ross
, 32 S.W.3d at 855.  Thus, we conclude and hold that the trial court did not err by denying appellant’s motion to suppress.  We overrule appellant’s sole issue.

Conclusion

Having overruled appellant’s sole issue, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 25, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record does not show if appellant answered her.