ROBERTSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-423-CR

LESLIE DON ROBERTSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Leslie Don Robertson appeals from his misdemeanor conviction for driving while intoxicated.  In his sole issue, appellant contends that the trial court abused its discretion by denying his motion to suppress because the initial stop was not justified.  We affirm.

Background Facts

The only evidence presented during appellant’s suppression hearing was the testimony of Officer Joseph Nault, a Carrollton police officer.  Officer Nault testified that on May 13, 2004, he saw appellant’s vehicle “weaving in an erratic manner” and driving slowly.  Officer Nault stated that he was in his patrol car facing eastbound on Rosemeade Parkway and appellant’s car was traveling westbound, straddling the white line that divided the lanes, and traveling twenty-five miles per hour in a forty-miles-per-hour speed zone.  After appellant passed Officer Nault, Officer Nault began following appellant and turned on his video surveillance system.  Officer Nault testified that appellant made numerous traffic violations, including failing to maintain a single lane of traffic by weaving into the left lane.  After Officer Nault activated his lights, appellant hit the curb on the right side of the street but continued driving.  After approximately one-half mile, appellant pulled his car over on Highgate Lane. Officer Nault stated that appellant had passed at least three other side streets where he could have stopped.  Officer Nault testified that as appellant pulled over, he abruptly hit his brakes, activated his turn signal, and turned onto Highgate Lane.

After appellant pulled over, Officer Nault got out of his patrol car, walked to the driver’s side window, and asked appellant for his driver’s license and insurance papers.  Officer Nault stated that appellant reached into his glove compartment, “fumbled with several papers,” and then got out his title application.  Officer Nault told appellant that he did not need his title application and asked him again for his insurance and driver’s license.  Appellant handed Officer Nault his insurance card and then stared “blankly ahead.”  Officer Nault testified that appellant was slow and sluggish and had red, glassy, bloodshot eyes.  Officer Nault could smell alcohol emanating from the car.  He stated that he believed appellant was under the influence of alcohol.

Motion To Suppress

In appellant’s sole point, he complains that the trial court abused its discretion by denying his motion to suppress.  The State argues that the police officer had reasonable suspicion to stop appellant’s car.

Standard Of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

Applicable Law

At the suppression hearing, the State has the burden of proving the reasonableness of the stop.  
Hernandez v. State
, 983 S.W.2d 867, 870 (Tex. App.—Austin 1998, pet. ref’d).  A
 
police officer has the authority to stop and temporarily detain a driver who has violated a traffic law.  
Armitage v. State
, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); 
Lemmons v. State
, 133 S.W.3d 751, 756 (Tex. App.—Fort Worth 2004, pet. ref’d).  Further, because a violation of the traffic laws constitutes probable cause to arrest the violator, the need for reasonable suspicion to stop the driver is obviated. 
 See 
Tex. Transp. Code Ann. 
§ 543.001 (Vernon 1999); 
Lemmons
, 133 S.W.3d at 756; 
State v. Ayala
, 981 S.W.2d 474, 476 (Tex. App.—El Paso 1998, pet. ref'd).

After a stop, detention may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.
  Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law.  
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id. 
at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id. 
at 492.

Analysis

Officer Nault testified that he saw appellant commit two traffic violations before he pulled him over: failing to maintain a single lane of traffic and striking a curb.  Failure to maintain a single lane of traffic is an offense listed in the transportation code.  
Tex. Transp. Code Ann.
 § 545.060 (Vernon 1999).
(footnote: 2)
 Appellant cites to 
Hernandez 
to support his contention that his initial stop was not justified.  983 S.W.2d at 867.  However, we find that case distinguishable.  In 
Hernandez
, the Austin court of appeals held that the officer did not have reasonable suspicion to stop Hernandez’s car when he “drift[ed] slightly” from one lane of traffic to another without any other traffic violation that was shown to be unsafe.  
Id. 
at 870.  The court reasoned that there were numerous reasons other than illegal activity for why a car would drift into another lane.  
Id. 
 Here, however, appellant was weaving in an erratic manner and driving twenty-five miles per hour in a forty-mile-per-hour zone; he also hit a curb, failed to stop at the first opportunity when Officer Nault turned his patrol lights on, and turned his blinker on at the last minute.  Appellant did not merely drift or weave slightly on the roadway.

Appellant complains on appeal that the trial court’s reliance on 
Cook v. State 
was misplaced.  63 S.W.3d 924 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).  
In 
Cook
, the defendant was stopped after he left a bar at a high rate of speed, pulled into a gas station and left after ten to fifteen seconds, and constantly crossed over the broken white line into another lane.  
Id. 
at 928-29.  The court reasoned that, based on the totality of circumstances, the officer’s observations and testimony were sufficient to demonstrate that the defendant was not moving from one lane to another safely.  
Id. 
at 929.  Appellant contends that in this case the record does not support a finding that the stop was justified because the facts in 
Cook 
(i.e., defendant leaving a bar at a high rate of speed and crossing lanes) are not present.  However, considering that appellant was weaving erratically between lanes and driving fifteen miles per hour under the speed limit, and considering that appellant failed to stop immediately after Officer Nault turned on his lights and that he hit a curb, we hold that the evidence supports the trial court’s implicit finding that appellant was driving in an unsafe manner and its finding that appellant failed to maintain a single lane of traffic.
(footnote: 3)  Thus, we overrule appellant’s sole point.  
See Tyler v. State
, 161 S.W.3d 745, 749 (Tex. App.—Fort Worth 2005, no pet.) (holding officer had reasonable suspicion to stop the defendant when the officer observed him driving erratically and straddling the white line between the traveling lane of traffic and the shoulder).

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 3, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The pertinent part of section 545.060 provides,

(a)  An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1)  shall drive as nearly as practical entirely within 

a single lane; and 

(2)  may not move from the lane unless that movement can 

be made safely.

Id. 
 

3:
In its order, the trial court found that (1) Officer Nault was credible, (2) Officer Nault saw appellant driving down the middle of a one-way road, (3) Officer Nault stopped appellant for failing to maintain a single lane of traffic, and, (4) Officer Nault did not testify to any other vehicles being on the road.