COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-423-CR

 

 

LESLIE DON ROBERTSON                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Leslie Don
Robertson appeals from his misdemeanor conviction for driving while
intoxicated.  In his sole issue,
appellant contends that the trial court abused its discretion by denying his
motion to suppress because the initial stop was not justified.  We affirm.








Background Facts

The only evidence presented
during appellant=s
suppression hearing was the testimony of Officer Joseph Nault, a Carrollton
police officer.  Officer Nault testified
that on May 13, 2004, he saw appellant=s vehicle Aweaving in an
erratic manner@ and driving
slowly.  Officer Nault stated that he was
in his patrol car facing eastbound on Rosemeade Parkway and appellant=s car was traveling westbound, straddling the white line that divided
the lanes, and traveling twenty-five miles per hour in a forty-miles-per-hour
speed zone.  After appellant passed
Officer Nault, Officer Nault began following appellant and turned on his video
surveillance system.  Officer Nault
testified that appellant made numerous traffic violations, including failing to
maintain a single lane of traffic by weaving into the left lane.  After Officer Nault activated his lights,
appellant hit the curb on the right side of the street but continued
driving.  After approximately one-half
mile, appellant pulled his car over on Highgate Lane. Officer Nault stated that
appellant had passed at least three other side streets where he could have
stopped.  Officer Nault testified that as
appellant pulled over, he abruptly hit his brakes, activated his turn signal,
and turned onto Highgate Lane.








After appellant pulled over,
Officer Nault got out of his patrol car, walked to the driver=s side window, and asked appellant for his driver=s license and insurance papers. 
Officer Nault stated that appellant reached into his glove compartment, Afumbled with several papers,@ and then got out his title application.  Officer Nault told appellant that he did not
need his title application and asked him again for his insurance and driver=s license.  Appellant handed
Officer Nault his insurance card and then stared Ablankly ahead.@  Officer Nault testified that appellant was
slow and sluggish and had red, glassy, bloodshot eyes.  Officer Nault could smell alcohol emanating
from the car.  He stated that he believed
appellant was under the influence of alcohol.

Motion To Suppress

In appellant=s sole point, he complains that the trial court abused its discretion
by denying his motion to suppress.  The
State argues that the police officer had reasonable suspicion to stop appellant=s car.

Standard Of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

When reviewing a trial court=s ruling on a mixed question of law and fact, the court of appeals may
review de novo the trial court=s application of the law of search and seizure to the facts of the
case.  Estrada, 154 S.W.3d at
607.  When there are no explicit findings
of historical fact, the evidence must be viewed in the light most favorable to
the trial court=s
ruling.  Id.








We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.

Applicable Law

At the suppression hearing, the
State has the burden of proving the reasonableness of the stop.  Hernandez v. State, 983 S.W.2d 867,
870 (Tex. App.CAustin 1998,
pet. ref=d).  A police officer has
the authority to stop and temporarily detain a driver who has violated a
traffic law.  Armitage v. State,
637 S.W.2d 936, 939 (Tex. Crim. App. 1982); Lemmons v. State, 133 S.W.3d
751, 756 (Tex. App.CFort Worth
2004, pet. ref=d).  Further, because a violation of the traffic
laws constitutes probable cause to arrest the violator, the need for reasonable
suspicion to stop the driver is obviated.  See Tex.
Transp. Code Ann. ' 543.001
(Vernon 1999); Lemmons, 133 S.W.3d at 756; State v. Ayala, 981
S.W.2d 474, 476 (Tex. App.CEl Paso 1998, pet. ref'd).








After a stop, detention may
be justified on less than probable cause if a person is reasonably suspected of
criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct.
1868, 1880 (1968); Carmouche, 10 S.W.3d at 328.  An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.  Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005). 
Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that, when combined
with rational inferences from those facts, would lead him to reasonably
conclude that a particular person is, has been, or soon will be engaged in
criminal activity.  Id. at 492‑93.  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id. at 492.

Analysis

Officer Nault testified that
he saw appellant commit two traffic violations before he pulled him over:
failing to maintain a single lane of traffic and striking a curb.  Failure to maintain a single lane of traffic
is an offense listed in the transportation code.  Tex.
Transp. Code Ann. ' 545.060
(Vernon 1999).[2]








Appellant cites to Hernandez
to support his contention that his initial stop was not justified.  983 S.W.2d at 867.  However, we find that case
distinguishable.  In Hernandez,
the Austin court of appeals held that the officer did not have reasonable
suspicion to stop Hernandez=s car when he Adrift[ed]
slightly@ from one lane of traffic to another without any other traffic
violation that was shown to be unsafe.  Id.
at 870.  The court reasoned that
there were numerous reasons other than illegal activity for why a car would
drift into another lane.  Id.  Here, however, appellant was weaving in an
erratic manner and driving twenty-five miles per hour in a forty-mile-per-hour
zone; he also hit a curb, failed to stop at the first opportunity when Officer
Nault turned his patrol lights on, and turned his blinker on at the last
minute.  Appellant did not merely drift
or weave slightly on the roadway.








Appellant complains on appeal
that the trial court=s reliance
on Cook v. State was misplaced. 
63 S.W.3d 924 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  In Cook, the
defendant was stopped after he left a bar at a high rate of speed, pulled into
a gas station and left after ten to fifteen seconds, and constantly crossed
over the broken white line into another lane. 
Id. at 928-29.  The court
reasoned that, based on the totality of circumstances, the officer=s observations and testimony were sufficient to demonstrate that the
defendant was not moving from one lane to another safely.  Id. at 929.  Appellant contends that in this case the
record does not support a finding that the stop was justified because the facts
in Cook (i.e., defendant leaving a bar at a high rate of speed and
crossing lanes) are not present. 
However, considering that appellant was weaving erratically between
lanes and driving fifteen miles per hour under the speed limit, and considering
that appellant failed to stop immediately after Officer Nault turned on his
lights and that he hit a curb, we hold that the evidence supports the trial
court=s implicit finding that appellant was driving in an unsafe manner and
its finding that appellant failed to maintain a single lane of traffic.[3]  Thus, we overrule appellant=s sole point.  See Tyler v.
State, 161 S.W.3d 745, 749 (Tex. App.CFort Worth 2005, no pet.) (holding officer had reasonable suspicion to
stop the defendant when the officer observed him driving erratically and
straddling the white line between the traveling lane of traffic and the
shoulder).

Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL
F:  LIVINGSTON, J.; CAYCE, C.J.; and
MCCOY, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 3, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
pertinent part of section 545.060 provides,

(a)  An operator on a roadway divided into two or
more clearly marked lanes for traffic:

(1)  shall drive as nearly as practical entirely
within 

a
single lane; and 

(2)  may not move from the lane unless that
movement can 

be
made safely.

Id.  

 

 





[3]In
its order, the trial court found that (1) Officer Nault was credible, (2)
Officer Nault saw appellant driving down the middle of a one-way road, (3)
Officer Nault stopped appellant for failing to maintain a single lane of
traffic, and, (4) Officer Nault did not testify to any other vehicles being on
the road.