NUMBER 13-05-669-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JACK LYNN FAVORS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court of Hardin County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Hinojosa and Castillo


Memorandum Opinion by Chief Justice Valdez



 Appellant, Jack Lynn Favors, was charged with the misdemeanor offense of driving
while intoxicated, second offense, and entered into a negotiated plea agreement that the
trial court accepted. Tex. Pen. Code Ann. § 49.04 (Vernon 2003). Prior to entering into
a plea agreement, Favors filed a pretrial motion to suppress, claiming that the arresting
deputy did not have probable cause or a reasonable basis to conduct the traffic stop that
led to the driving while intoxicated charge. By two issues, Favors appeals the trial court's
denial of his motion to suppress. He argues that (1) the trial court committed error in
denying his pretrial motion to suppress, and (2) the trial court's denial of his motion to
suppress was reversible error. We affirm.

I. FACTS

 The suppression hearing focused on Favors's driving just before he was stopped. 
The only evidence presented was (1) the testimony of Deputy Charles Brewer, a Hardin
County sheriff's deputy, and (2) a videotape of Favor's driving just prior to being stopped
by the deputy. Deputy Brewer testified that early in the morning on January 24, 2005, he
was patrolling the northbound lanes of U.S. Highway 69 when he observed Favors's jeep
driving in the center lane of the three-lane highway. Shortly after encountering Favors's
jeep, Deputy Brewer activated a video surveillance system. Deputy Brewer noted that
there were no other vehicles on the highway at the time. He observed the jeep cross from
the center lane to the outside lane, the outside lane to the inside lane, the inside lane to
the center lane, and then back to the far right-side lane. All of these lane changes
occurred without the use of a signal light. (1) See Tex. Transp. Code Ann. § 545.104(a)
(Vernon 1999) (An operator shall use the signal authorized by section 545.106 to indicate
an intention to turn, change lanes, or start from a parked position.). The deputy described
Favors driving as "careless and dangerous" and that his changing lanes showed that he
was exercising "pretty poor" control over his vehicle. The deputy's recount ended with him
stopping Favors.

II. DISCUSSION

A. Standard of Review

 We review a trial court's ruling on a motion to suppress evidence under a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's
decision, we do not engage in our own factual review. Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.-Fort Worth
2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court's rulings on (1) questions of
historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App.
2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.-Fort Worth 2004, pet. ref'd). When
the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we
review de novo a trial court's rulings on mixed questions of law and fact. Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652-53.

 When reviewing a trial court's ruling on a mixed question of law and fact, the court
of appeals may review de novo the trial court's application of the law of search and seizure
to the facts of the case. Estrada, 154 S.W.3d at 607. When there are no explicit findings
of historical fact, the evidence must be viewed in the light most favorable to the trial court's
ruling. Id.

 We uphold the trial court's ruling if it is supported by the record and correct under
any theory of law applicable to the case, even if the trial court gave the wrong reason for
its ruling. Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.

B. Applicable Law

 At the suppression hearing, the State has the burden of proving the reasonableness
of the stop. Hernandez v. State, 983 S.W.2d 867, 870 (Tex. App.-Austin 1998, pet. ref'd). 
A police officer has the authority to stop and temporarily detain a driver who has violated
a traffic law. Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); Lemmons
v. State, 133 S.W.3d 751, 756 (Tex. App.-Fort Worth 2004, pet. ref'd). Further, because
a violation of the traffic laws constitutes probable cause to arrest the violator, the need for
reasonable suspicion to stop the driver is obviated. See Tex. Transp. Code Ann. §
543.001 (Vernon 1999); Lemmons, 133 S.W.3d at 756; State v. Ayala, 981 S.W.2d 474,
476 (Tex. App.-El Paso 1998, pet. ref'd).

 After a stop, detention may be justified on less than probable cause if a person is
reasonably suspected of criminal activity based on specific, articulable facts. Terry v. Ohio,
392 U.S. 1, 22 (1968); Carmouche, 10 S.W.3d at 328. An officer conducts a lawful
temporary detention when he has reasonable suspicion to believe that an individual is
violating the law. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable
suspicion exists when, based on the totality of the circumstances, the officer has specific,
articulable facts that, when combined with rational inferences from those facts, would lead
him to reasonably conclude that a particular person is, has been, or soon will be engaged
in criminal activity. Id. at 492-93. This is an objective standard that disregards any
subjective intent of the officer making the stop and looks solely to whether an objective
basis for the stop exists. Id. at 492.

C. Analysis 

 Favors argues that the State did not prove that his movements were unsafe or
dangerous and, as such, Deputy Brewer did not have a reasonable basis to believe that
an offense for failure to maintain a single, marked lane was committed within his presence. 
However, Deputy Brewer stopped Favors for failing to maintain a single, marked lane and
failure to signal a lane change. See Tex. Transp. Code Ann. § § 545.060(a); 545.104(a). 
Assuming, without deciding, that Deputy Brewer did not have a reasonable basis to stop
Favors for failing to maintain a single, marked lane, Deputy Brewer testified that he
witnessed Favors change lanes without signaling. Since changing lanes without using a
signal is also a traffic violation, Deputy Brewer was authorized to stop Favors. See
Armitage, 637 S.W.2d at 939. Therefore, the trial court did not error in denying Favors'
motion to suppress because the stop was lawful. Id. We overrule Favors' first point of
error.

III. CONCLUSION

 Having overruled Favors's first issue, it is unnecessary to address his second issue. 
See Tex. R. App. P. 47.1. We affirm the trial court's judgment. 


 _______________________

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 19th day of October, 2006.

1. During the hearing, Favor's counsel objected to the deputy's testimony regarding Favor's failure to
signal before changing lanes because the deputy's probable cause affidavit noted failure to maintain a single
lane as the sole basis for the stop. The objection was overruled. We note that the probable cause affidavit
is not in the record.